OPINION OF THE COURT
Harvey W. Sherman, J.
Defendant is charged under two informations (which were consolidated prior to trial) with violating Suffolk County Local Law No. 17-1971 and Local Law No. 21-1974. Specifically, he is accused of performing electrical work and engaging in home improvement contracting in the Town of Brookhaven, Suffolk County, without the appropriate county licenses, two misdemeanors.
At the nonjury trial, the People produced three witnesses: Mrs. Battista, the homeowner at whose home the incidents occurred, Mr. Klein, Assistant Director for Licensing of the Department of Consumer Affairs, and Mr. Lattiman, an inspector from said bureau.
Defendant offered one witness: Mr. Williams, the Building and Zoning Inspector of the Town of Southampton.
FINDINGS OF FACT
The court finds beyond a reasonable doubt that on December 13, 1978 the defendant, doing business as Solar *679 Horizons, entered into an oral agreement with Mrs. Battista (evidenced by a written proposal by defendant) to repair a solar energy system, erect a tool shed, and install new leaders and gutters upon Mrs. Battista’s home in the Town of Brookhaven, Suffolk County, New York.
The court further finds beyond a reasonable doubt that some electrical work was performed by defendant and an unidentified individual who accompanied defendant. The gutters were installed by a person named Foster whose relationship to defendant is unclear.
The shed was never constructed.
Defendant received payments totaling $2,000 from Mrs. Battista.
Further, the court finds that although defendant had earlier been licensed by Suffolk County as a home improvement contractor on December 13,1978 the defendant did not hold any licenses from the County of Suffolk as either an electrical contractor or home improvement contractor, but did have a license from the Town of Southampton (covering the period when the incident occurred) as a home improvement contractor only.
CONCLUSIONS OF LAW
(The case was tried before the court without a jury.) The court finds that the defendant has not been proven guilty of a violation of Local Law No. 17-1971 beyond a reasonable doubt, but that the proof is sufficent to establish that the defendant is guilty of violating Local Law No. 21-1974.
As noted above, the electrical work was done by the defendant along with an unidentified individual. The proof does not establish what particular work each of these people performed or what their business relationship was. No evidence was submitted to establish that the unidentified individual was not duly licensed or that a license may not have been put to appropriate use. (See Local Law No. 17-1971, §9.) Accordingly, the court finds the defendant not guilty of this charge.
The second charge has given rise to sharp disagreement concerning the interpretation of certain provisions of Local *680 Law No. 21-1974. According to the defendant the provisions of subdivision 2 of section 2-207 (exemptions) apply to this case.
This provides: “No license or identification card shall be required of: * * * 2. An architect, professional engineer, or any other person who is required by state or local law to attain standards of competency or experience as a prerequisite to engaging in such profession, and who is acting exclusively within the scope of the profession for which he is currently licensed pursuant to such other law.”
The defendant contends that because he has met the qualifications required to obtain a home improvement contractor’s license for the Town of Southampton, he falls within the exemption provided for in subdivision 2 of section 2-207 of Local Law No. 21-1974.
The opposing views of the People and the defendant focus on the narrow issue of whether a home improvement contractor is a professional falling within the contemplation of this subdivision. The arguments are thorough and cogent but, it seems to the court, slightly off the mark. The issue is not whether a home improvement contractor is a “professional.”
Local Law 21-1974 was enacted by the Suffolk County Legislature to enhance “the health, safety and general welfare of the consumers of Suffolk County” by requiring the licensing of persons engaged in home improvement contracting. (§ 1-100.) “Home improvement contracting” is very broadly defined in subdivision 2 of section 2-200 of the Local Law to include: “any repair, remodeling, alteration, conversion modernization, improvement or addition to residential property; and shall include, but not be limited to alarm systems, carpentry, cesspool and septic tanks, fencing, driveways, exterminating, flooring, heating, ventilating and air conditioning systems, masonry, roofing, siding, swimming pools and waterproofing, as well as other improvements to structures or upon land which is part of residential property”.
Thus, it is clear that “home improvement contracting” involves a wide variety of services requiring some expertise in a broad range of skills. Obviously to insure some *681 minimal level of competence and character the Legislature chose to require licensing of persons involved in performing this work.
Subdivision 2 of section 2-207 carves out narrow exceptions to the general licensing requirement. Certain professionals who are required “to attain standards of competency or experience as a prerequisite to engaging in such profession” are exempted from the licensing requirements when acting “exclusively within the scope of the profession.” The reason for this exemption is readily apparent. It is highly unlikely that any person is or could be expert in all phases of activity falling within the meaning of home improvement contracting. But, within that broad range of activities are certain tasks requiring specialized skills. A person licensed to perform those tasks as a professional will necessarily have had to demonstrate abilities beyond the minimum requirement of a person generally engaging in home improvement contracting. Thus, a licensed architect acting as an architect or a licensed professional engineer acting as such will, presumably, be providing services with a degree of expertise that will not endanger the health, safety and general welfare of Suffolk County consumers. Accordingly, no additional license would afford the public further protection. And, it must be emphasized that the exemptions apply to licensed professionals performing a narrow range of services.
In contrast to those well-justified exemptions the defendant seeks to broaden the scope of subdivision 2 of section 2-207 to permit a general home improvement contracting license issued by the Town of Southampton to serve as a substitute for the license required by Local Law No. 21-.1974. Logically this does not follow. Nor do rules of construction for legislative enactments support the defendant’s contention. First, particularly in light of the evidence demonstrating the very minimal requirements for obtaining a Southampton home improvement contracting license, to interpret this exemption section as broadly as the defendant advocates would be inconsistent vvith the Legislature’s intent. (See McKinney’s Cons Laws of NY, Book 1, Statutes, §92.) Further, to so construe the local law provision would violate the maxim expressio unius est *682 exclusio alterius. The listing of certain words is evidence that others are to be excluded. The listing in subdivision 2 of section 2-207 of highly skilled professionals performing skills in their narrow fields of expertise, necessarily excludes a construction of this section which would permit it to apply to persons licensed generally to perform as home improvement contractors. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 240.)
No debate exists that the defendant engaged in work contemplated by Local Law No. 21-1974. The issue has been limited to whether the defendant was exempted from the need to obtain a license. The court finds that he was not. Thus, consistent with the proof established at trial and the court’s conclusion of law the defendant is found guilty of a violation of Suffolk County Local Law No. 21-1974.